# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| ONI RISK PARTNERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:18-cv-00055-TWP-MPB |
| DANNY S. DONLEY, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Danny S. Donley's ("Donley") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ([Filing No. 13](Filing No. 13)). Plaintiff ONI Risk Partners, Inc. ("ONI") initiated this lawsuit alleging that Donley owes ONI $219,993.00 in damages for Donley's breach of contract. Donley denies the existence and validity the any contract and filed a Motion to Dismiss asserting the Court does not have subject matter jurisdiction over this case. For the following reasons, the Court **grants** the Motion to Dismiss.

### I.   BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of ONI as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

In 2016, Prime Risk Partners, Inc. acquired ONB Insurance Group, Inc., an Indiana corporation with its principal office in Indianapolis, Indiana. Since the 2016 acquisition, the former ONB Insurance Group, Inc. has continued to do business under the name of ONI Risk Partners,

Inc. ("ONI"). ONI is the successor in interest of ONB Insurance Group, Inc. and is a citizen of the State of Indiana (Filing No. 1 at 1).

On November 26, 2012, Donley entered into an Employment and Non-Solicitation Agreement (the "Employment Agreement") with ONB Insurance Group, Inc., and its successor, ONI. As an employee of ONI, Donley marketed, sold, and serviced certain insurance products. Donley is a citizen of Illinois (Filing No. 1 at 1; Filing No. 1-1). Pursuant to the Employment Agreement, ONI was to pay Donley a base salary plus commissions for the sales and renewals of policies of Insurance Products. On or about September 24, 2015, ONI sent Donley a Memorandum attaching a new Producer Compensation Plan with an effective date of January 1, 2016. (Filing No. 1 at 2; Filing No. 1-2 at 1.)

> Donley resigned his employment with ONI effective August 15, 2017. At the time of his resignation, Donley was and is indebted to ONI in the sum of $219,993.00, which sum constitutes a producer draw taken in excess of commissions earned. The obligation to pay ONI for said excess survives termination of employment pursuant to the terms of the Compensation Plan.

(Filing No. 1 at 2, ¶ 7.) "ONI has demanded that Donley repay all sums due and owning but Donley has refused and continues to refuse and is in breach of his contractual obligations owed to ONI." *Id.* at 2, ¶ 8.

On March 21, 2018, ONI filed this breach of contract lawsuit in federal court, asserting that "[t]he parties to this action are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." *Id.* at 1, ¶ 3. ONI incorporated as part of its Complaint the "Employment and Non-Solicitation Agreement" and the "Producer Compensation Plan." (Filing No. 1-1; Filing No. 1-2; Filing No. 1 at 2, ¶ 6.) Soon after this case was initiated, on April 23, 2018, Donley filed his Motion to Dismiss, arguing a lack of subject matter jurisdiction and a failure to plead a viable claim (Filing No. 13).

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

While review under Rule 12(b)(6) is limited to the complaint, courts consider documents attached to and incorporated in the complaint as part of the complaint and will consider documents that are referred to in the complaint, which are concededly authentic and central to the plaintiff's claim. *Santana v. Cook County Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). When a party attaches exhibits to its complaint and incorporates the exhibits into the pleadings, if there are contradictions between the exhibits and the complaint, the exhibits generally will control. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

## III.     DISCUSSION

Donley argues that ONI has failed to plead a plausible claim for breach of contract because the contracts incorporated into the Complaint do not establish a binding agreement between the parties that obligated Donley to repay producer draws. Alternatively, Donley argues, if the Court were to assume the contracts did require Donley to repay producer draws in excess of commissions, the terms of the Producer Compensation Plan contradict the damages amount alleged in the Complaint and establish a potential damage amount far below the "amount in controversy" requirement to support diversity jurisdiction thereby subjecting this case to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

There is "no unyielding jurisdictional hierarchy" that requires a court to consider subject matter jurisdiction before personal jurisdiction, but jurisdictional issues must be decided before merits issues. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577–78 (1999). Thus, a district court first must satisfy itself that it can exercise jurisdiction before addressing the merits of a case. Accordingly, the Court must consider Donley's Motion to Dismiss under Rule 12(b)(1) before it can address the Motion under Rule 12(b)(6). If the Court determines that it lacks jurisdiction under Rule 12(b)(1), it would be improper for the Court to reach the merits of the case under Rule 12(b)(6). *Id.*; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Rawlins v. Select Specialty Hosp. of Nw. Ind., Inc.*, 2014 U.S. Dist. LEXIS 57076, at *5 (N.D. Ill. Apr. 23, 2014). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014) (quoting *Steel*, 523 U.S. at 94). Therefore, the Court must first address Donley's "amount in controversy" argument.

Donley asserts that the Employment and Non-Solicitation Agreement does not contain any provisions that required Donley to repay producer draws received in excess of commissions earned; rather, it states that he was to be compensated with a base salary and commissions ([Filing No. 1-1 at 2](#)–3, ¶ 3(a)–(b)). In light of the terms of the Employment and Non-Solicitation Agreement, Donley argues that this contract cannot support ONI's claim for repayment of producer draws. ONI does not respond in opposition to this argument regarding the Employment and Non-Solicitation Agreement. Donley is correct about the terms of this contract; thus, the Court looks to the Plan to analyze ONI's claim for repayment of producer draws.

Donley points out that the Plan's effective date was January 1, 2016 ([Filing No. 1-2 at 1](#), 2). He also asserts that the Plan's provision requiring repayment of producer draws is limited to the following: "If commissions generated in a calendar year are less than the Employee draw for such year, the Employee is obligated to pay [ONI] for the amount of the draw in excess of the commissions earned. This obligation shall survive termination of employment." *Id.* at 4, ¶ III.

Donley argues that the Plan did not state he had any obligation to repay any draw debt prior to the January 1, 2016 effective date of the Plan. He argues the Plan did not expressly carry forward any existing producer draw debt into the 2016 Plan. He points out that no existing debt obligation was mentioned in the Plan. Donley argues that ONI failed to allege any facts or attach any documents that would support the existence of any obligation to pay any producer draw debt incurred prior to 2016.

Donley asserts that the Complaint's allegation of $219,993.00 in damages is patently implausible because, under the terms of the Plan, his bi-weekly draw was $2,564.00 on September 24, 2015, it was $1,282.00 on October 9, 2015, and it was $250.00 starting on November 6, 2015 ([Filing No. 1-2 at 4](#)). Donley resigned from his employment with ONI on August 15, 2017.

Therefore, the greatest amount of damages based on excess producer draws would be $16,628.00 (one bi-weekly draw of $2,564.00, two bi-weekly draws of $1,282.00, and forty-six bi-weekly draws of $250.00 from September 24, 2015 through August 15, 2017). Donley argues that the correct measure of damages should be based on the effective date of the Plan, which was January 1, 2016, which would provide for forty-two bi-weekly producer draws of $250.00 (January 1, 2016 through August 15, 2017), totaling a potential damage amount of $10,500.00. Donley asserts that, under either measure of damages, ONI's claim for repayment of producer draws is far below the amount in controversy requirement to establish diversity jurisdiction in federal court.

ONI responds that the Complaint alleges damages in the amount of $219,993.00, which puts more than $75,000.00 at issue in this case, and the allegation is enough to survive dismissal. ONI argues that Donley's argument about the amount of damages and ONI's likelihood of proving its damages is premature and not properly before the Court at this stage of the litigation, because "Rule 8 is only concerned with whether the Complaint contains a plain statement showing that the plaintiff is entitled to relief, and ONI has satisfied that burden." (Filing No. 17 at 5.)

ONI also argues,

> Donley appears to ignore reference in the very paragraph Donley quotes to the deficit Donley owed to ONI at the time the Plan was provided to Donley. (Section III Producer Compensation Plan, "[p]rovided, that Employee's current draw deficit has been recovered by [ONI].") The written agreement specifically references the deficit Donley already owed at the time he was presented with the Plan which is attached to the Complaint.

*Id.* at 4.

ONI is correct that, at the motion to dismiss stage, generally, Rule 8 is only concerned with whether the complaint contains a plain statement showing that the plaintiff is entitled to relief. However, courts consider documents attached to and incorporated in the complaint as part of the complaint, *Santana*, 679 F.3d at 619, and when a party attaches exhibits to its complaint and

7

incorporates the exhibits into the pleadings, if there are contradictions between the exhibits and the complaint, the exhibits generally will control. *Bogie*, 705 F.3d at 609.

Importantly, when a court's subject matter jurisdiction is challenged under Rule 12(b)(1), "[t]he plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co.*, 623 F.2d at 1210. "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (citation and quotation marks omitted). Thus, a plaintiff cannot rest on his bald allegation of damages in the complaint when confronted with a challenge to subject matter jurisdiction, especially when his incorporated exhibits contradict his allegations in the complaint. The Employment Agreement (Filing No. 1-1 and Producer Compensation Plan (Filing No. 1-2) support Donley's calculations. Therefore, ONI's argument that because it alleged damages in the amount of $219,993.00 in the Complaint, thereby putting more than $75,000.00 at issue in this case, is unavailing to avoid dismissal.

In addition, the terms of the Plan do not support ONI's allegation that it specifically referred to the producer draw deficit that Donley already owed at the time he was presented with the Plan. Nowhere in the Plan does it refer to a specific pre-existing debt that Donley owed for excess producer draws. The Plan's reference to a "current draw deficit" does not specifically refer to a debt Donley already owed at the time he was presented with the Plan; rather, it provides for the payment of monthly commissions to Donley on the condition that Donley is current on his draw deficit. (*See* Filing No. 1-2 at 4 ("Commissions generated in a month that are in excess of the producer draw for such month will be paid as soon as practicable following such month and

Employee agreeing with the settlement calculation; provided, that Employee's current draw deficit has been recovered by [ONI].").)

It is ONI's burden to come forward with competent proof to support the jurisdictional allegations of its Complaint. ONI has not provided anything beyond its bald allegation in the Complaint to support the jurisdictional allegation regarding the amount in controversy. After being put on notice of the jurisdictional challenge, ONI failed to provide anything to show that Donley owed an outstanding draw debt that was or could have been included in any debt incurred after the Plan became effective in 2016. ONI has failed to meet its burden to establish the amount in controversy requirement of diversity jurisdiction. The allegations of the Complaint coupled with the terms of the Plan on which ONI's sole claim hinges show potential damages in the range of $10,500.00 and $16,628.00. This is far below the jurisdictional threshold for a federal court to exercise subject matter jurisdiction. Because this Court lacks subject matter jurisdiction over this matter, the Court will not address Donley's Rule 12(b)(6) argument.

### IV. CONCLUSION

For the foregoing reasons, Donley's Motion to Dismiss ([Filing No. 13](Filing No. 13)) is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1). A dismissal for lack of subject matter jurisdiction is not a decision on the merits and thus is without prejudice. *See Kowalski v. Boliker*, 893 F.3d 987, 994 (7th Cir. 2018) ("a dismissal for want of subject-matter jurisdiction is necessarily without prejudice"). Final judgment will issue under separate order.

**SO ORDERED.**

Date:   1/18/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

| | |
|---|---|
| Jean Marie Blanton<br>ZIEMER STAYMAN WEITZEL & SHOULDERS LLP<br>jblanton@zsws.com | Kathleen Ann DeLaney<br>DELANEY & DELANEY LLC<br>kathleen@delaneylaw.net |
| Patrick A. Shoulders<br>ZIEMER STAYMAN WEITZEL & SHOULDERS LLP<br>pshoulders@zsws.com | Christopher S. Stake<br>DELANEY & DELANEY LLC<br>cstake@delaneylaw.net |